[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Todd Plourde and Cheri Plourde, bring this action in Four Counts[1] against the defendants Lornik, Inc. and Robert Tobacco seeking damages based on negligence, misrepresentation, indemnification and reckless and wanton conduct.
The defendants deny the material allegations of the complaint and counterclaim based upon misrepresentation.
A threshhold issue is raised by motion of the plaintiffs as to what, if any, preclusive effect should be given in this case to the judgment entered by Judge Hale in the case of Castonguay, et al. vs. Plourde, etal., together with the issues raised in that case concerning the liability of Lornik, Inc.
The plaintiffs contended that the issues of Lornik's liability were litigated in full in the Castonguay case and that collateral estoppel prevents the relitigation of those issues herein.
Further, that with regard to those issues litigated in the prior case the rulings set out in the judgment also apply in the instant case through the application of the doctrine of collateral estoppel or previous preclusion. CT Page 6409-g
The court finds that the plaintiffs, herein, Todd and Cheri Plourde, and the defendant, Lornik, Inc., were also parties in the prior action. That the issues raised in the prior action and the present action concerning the Declaration of Restrictions and Covenants were litigated in full in the prior case and that collateral estoppel applies in the present case to prevent the defendants herein from relitigating those issues herein.
Those issues raised in that case concern the liability of the Plourdes and Lornik, Inc. to the Castonguays and the Howards for constructing their house in a way that impairs the view from the Castonguay and Howard properties in violation of the Declaration of Restrictions and Covenants.
This action involves a paragraph in the Declaration of Restrictions and Covenants that applied to a housing land development of the defendant, Lornik, Inc. This Paragraph 20 proposes to preserve the view for each of the home sites in the development by requiring the prior approval by Lornik, Inc. of any proposed building and its placement on the lot.
The plaintiffs herein purchased a lot within the development and received Lornik's approval prior to proceeding with construction. In the course of the construction, owners of two abutting lots brought a successful action against the herein plaintiffs and Lornik, Inc. enjoining the construction of the building, together with the assessment of damages against them.
The defendants in that case, Todd and Cheri Plourde, now bring this action against their co-defendant, Lornik, Inc., in the prior action. They have added Robert Tobacco, personally, as an additional defendant. They seek damages based upon the actions of Robert Tobacco, both as Lornik's representative, and also in his personal capacity. They contend that the defendants failed in their duty owed to the plaintiffs by interpreting Paragraph 20 of the Declaration of Restrictions and Covenants as permitting the approval of the plaintiffs construction plans and the location of the house on the lot, and thus indicating that the proposed house would not adversely impact the view from any other lot in the development.
This interpretation of Paragraph 20 by the defendants proved to be invalid as determined by the court in the prior action of Castanguays and Howards vs. the Ploudes and Lornik, Inc. The plaintiffs further contend that the defendants failed to take those reasonably necessary steps to determine that in fact that the house, as proposed by the plaintiffs in CT Page 6409-h their plans presented to the defendants for approval, would not adversely affect the view from adjoining lots. That the plaintiffs relied upon the defendants to adequately evaluate the building plans as it would affect the views from adjoining lots and that the defendants Lornik and Tobacco failed to carry out their duty as set out in Paragraph 20 of the Declaration of Restrictions and Covenants, to the plaintiffs' damage.
The court finds that the defendant, Lornik, Inc., was the developer of Old Cider Mill Estates wherein the plaintiffs, Todd and Cheri Plourde, purchased a building lot (No. 9), which was subject to a Declaration of Restrictions and Covenants. Paragraph 20 of the Declaration provides for the preservation of the lot owners' view by requiring that the location and erection of any building on any lot be subject to the approval of Lornik, Inc. The plaintiffs submitted their plans to Lornik, Inc. and received its approval, prior to construction. The plaintiffs were in the process of constructing their house when adjoining lot owners brought an action which resulted in a permanent injunction issuing against the plaintiffs herein from continuing the construction of that house and requiring its removal and replacement by a building with a lower roof line. As a consequence, the plaintiffs suffered much additional costs and expenses, together with a prolonged delay before completion of their home.
The court further finds that the defendant, Lornik, Inc., undertook under the terms of the Declaration of Restrictions and Covenants, to carry out the terms requiring its approval of the plaintiffs' building and its location on the lot to preserve the view from other lots. In carrying out this undertaking and approving the construction proposed by the plaintiffs, it indicated to the plaintiffs that their plans met the requirements of the Declaration, specifically Paragraph 20, in that the plaintiffs' building would not adversely affect the view of other lot owners. The plaintiffs relied upon that approval by Lornik, Inc. to provide correct information as to the effect of its proposed construction on the view of other lot owners. That Lornik, Inc. negligently failed to investigate and determine that, in fact, the plaintiffs' construction would and did have serious adverse effect on other lot owners' view. That Lornik, Inc. knew or should have known through a reasonable investigation that such an adverse impact on the view from adjoining lots would result. Further, that it failed to conduct such an investigation.
That, Lornik, Inc. negligently failed in its duty to the plaintiffs by approving their plans without taking any precautions or steps to determine that the plaintiffs' planned construction would not in fact create a view problem to other lot owners. CT Page 6409-i
That, Lornik, Inc. was intimately involved in the complete details of the development; had laid it out for the express purpose of preserving the view for the various lot holders; had the Declaration of Restrictions and Covenants drafted to carry out its purpose of preserving the lot holders' view through its control of the building and location on each lot. Thus Lornik, Inc. was the best determinant for the effect that the plaintiffs' building plans would have on the view. Its failure in this responsibility was noted in the prior case. This court also finds that Lornik, Inc. failed to reasonably investigate the impact that the plaintiffs' house would have on the view of other lot holders.
In the instant case, the plaintiffs seek to recover the damages they incurred from the prior court's determination that the plaintiffs' proposed construction could not proceed.
Although the court finds Lornik, Inc. liable to the plaintiffs for negligently approving their construction plans, the question arises as to the extent that it contributed to plaintiffs' losses, and to what extent was the plaintiffs' actions or failure to act also responsible as a contributing factor in those damages.
The court finds that the majority of the liability, i.e., 75 percent, falls on the defendant, Lornik, Inc., with the remaining 25 percent attributable to the plaintiffs.
The plaintiffs did have some duty to protect their own interests and make some effort to determine whether they were in compliance with the requirements set out in the Declaration. They did nothing or at most little. Thus the court assigns to the plaintiffs a 25 percent share of the liability for the damages they suffered.
The economic damages suffered by the plaintiffs is found to be $16,567.00, reduced by their negligence of 25 percent, to $12,425.00.
The court points out that these damages are limited to the losses or additional costs sustained by the Plourdes in modifying their building plans and the delay in moving into their new home during the course of the Castonguay and Howard suit.
Therefore the court finds for the plaintiffs and against the defendant, Lornik, Inc., in Count One and Two of the complaint; and, for the defendant, Lornik, Inc., in Counts Three and Four and for Robert Tobacco on all counts of the complaint. CT Page 6409-j
The court also notes that the defendant, Robert Tobacco, was alleged to have acted recklessly and wantonly to the extent that he became personally responsible and liable to the plaintiffs for the damages they suffered.
The court does not so find on the evidence presented.
As to the Defendants' counterclaim, the court finds those issues for the Plaintiffs.
Therefore judgment may enter for the plaintiffs on Counts One and Two of the complaint, and against the defendant, Lornik, Inc., in the sum of $12,425.00, together with court costs;
And, for the defendant, Lornik, Inc., on Counts Three and Four of the complaint and against the plaintiffs;
And, for the defendant, Robert Tobacco, as to all counts of the complaint.
Further, judgment may enter for the Plaintiffs on the Defendants' counterclaim.
 ___________________ Kremski, J.T.R.